**REMI T. DE CASTRO, Plaintiff**

v.

**BANK OF HAWAII, et al., Defendants**

Civil No. 651-76

Superior Court of Guam

October 21, 1976

**ABBATE,** *Judge*

### DECISION

Plaintiff's motion for Partial Summary Judgment was filed on August 27, 1976. Plaintiff's accompanying memorandum argued that Defendant had no legal justification for appropriating Plaintiff's check and since there was no dispute as to facts Defendant's act was a tort (conversion) as a matter of law.

Defendant's opposition brief states, at page 11:

De Castro nowhere denies his signature on the Continuing Guaranty. Yet the Continuing Guaranty provided the *whole basis* of the Bank's action in taking the proceeds of the check. . . . (Emphasis added.)

Defendant's position is faulty, however, as Plaintiff points out in his Reply Memorandum, because the Guaranty itself does not justify the action taken by Defendant Bank.

. . . you are hereby authorized to apply against indebtedness of the borrower *other than that guaranteed hereby* any monies paid or available to you. (Emphasis added.)

### DECISION

■ In oral argument before this Court on October 1, 1976, Defendant argued that the above quoted language of the Guaranty was clearly erroneous but if re-read in another way with the instrument as a whole gives a different result. This Court sees no basis for bringing in parol evidence of the intended meaning of the Guaranty instrument particularly where the Defendant Bank drafted the instrument. The language of the instrument is clear on its face and must be strictly construed against the drafting Bank.

■ Defendant's second argument, that the Bank's action is justified on the theory of a banker's lien, is also mistaken. Such liens apply only to customers or depositors

350

of the bank, not to payees of a check presented for cashing only. It is admitted by Defendant Bank that payee's intention was to cash the check, not deposit it. Although Defendant cites numerous cases involving Banker's liens, none of the cases pertain to the situation at bar where a check is presented by a payee for cashing only. Consequently the Bank exercised possession and control over said check without legal justification, which action was tortious.

Plaintiff's motion for Partial Summary Judgment is hereby granted.

Submit order.